UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:22-cv-05356-MCS-JDE | Date October 31, 2022 |
| Title *Anselmo Portillo et al. v. Ford Motor Company et al.* | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (ECF NO. 12)

Plaintiffs Anselmo and Norma Portillo move to remand this action to state court. (Mot., ECF No. 12.) Defendant Ford Motor Company opposed the motion, (Opp'n, ECF No. 15), and Plaintiffs filed a reply, (Reply, ECF No. 16). The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

**I.   BACKGROUND**

This dispute arises from the sale of an allegedly defective 2021 Ford Mustang. (Not. of Removal ¶ 28, ECF No. 1.) Plaintiffs initiated this case in state court on June 22, 2022, asserting breach of implied and express warranties under California's Song-Beverly Consumer Warranty Act. (*Id.* ¶ 2.) Defendant removed the case to federal court, asserting diversity jurisdiction. (*Id.* ¶¶ 13–35.) Plaintiffs contest removal, arguing that Defendant failed to establish this Court had subject-matter jurisdiction and that the notice of removal was untimely under 28 U.S.C. § 1446(b). (Mot. 6, 10.)

## II. LEGAL STANDARD

### A. Removal Jurisdiction

Federal courts are courts of limited jurisdiction and possess only that jurisdiction which is authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Subject to certain exceptions not relevant here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Consequently, "[t]he propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

Federal courts have original jurisdiction over civil cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Section 1332(a) requires complete diversity of citizenship between all plaintiffs and all defendants. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). A natural person's citizenship is "determined by her state of domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). An individual's residence "is taken to be his domicile until facts adduced establish the contrary." *Anderson v. Watts*, 138 U.S. 694, 706 (1891). A corporation is "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The location of a corporation's "principal place of business" is generally understood to be the same as the corporation's headquarters. *3123 SMB LLC v. Horn*, 880 F.3d 461, 463 (9th Cir. 2018).

The burden of establishing jurisdiction rests upon the party invoking the removal statute. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). "Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (internal quotation marks omitted). Once a defendant has carried its burden establishing subject-matter jurisdiction, the burden of production shifts to the plaintiff to rebut evidence establishing jurisdiction. *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 885 (S.D. Cal. 2021).

Except in cases involving the Class Action Fairness Act, courts in the Ninth Circuit "strictly construe the removal statute against removal jurisdiction." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021). A notice of removal, however, is not required to "prove" subject-matter jurisdiction. *Id.* at 1069. A notice of removal need only contain "plausible allegations" that "the jurisdictional elements" are satisfied. *Id.* In evaluating the sufficiency of this showing, the court "may rely on reasonable assumptions." *Id.* (internal quotation marks omitted). Courts also "may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to" subject-matter jurisdiction. *Chavez*, 888 F.3d at 416. If the basis for jurisdiction articulated in a defendant's notice of removal is insufficient, the defendant is entitled to "a fair opportunity to submit proof." *Acad. of Country Music*, 991 F.3d at 1069 (internal quotation marks omitted).

B.     **Removal Procedure**

A defendant in a state court action must file a notice of removal in the federal district court encompassing the location where such action is pending. 28 U.S.C. § 1446(a). Generally, the notice must be filed within 30 days after receipt of the initial pleading. *Id.* § 1446(b)(1). However, if the "case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

The start of the 30-day removal period "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge [of the defendant] or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Further, the clock does not start unless the grounds for removal are "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021) (internal quotation marks omitted). So long as the district court can properly exercise subject-matter jurisdiction, defendants may remove at any time and are not required to wait until they are formally served with a pleading, motion, order, or other paper establishing a basis for removal. *See Manor v. United of Omaha Life Ins. Co.*, No. 19-cv-02360-RS, 2019 WL 3413386, at *2 (N.D. Cal. July 29, 2019); *see also Novak v. Bank of N.Y. Mellon Tr. Co., NA.*, 783 F.3d 910, 913 (1st Cir. 2015) ("[A] defendant can remove at any time before the removal period runs, including before the clock begins ticking.").

## III. DISCUSSION

### A. Evidentiary Objections Are Overruled

Plaintiffs raised several objections to the heavily redacted Sales Contract included with the initial notice of removal. (*See* Mot. 10 (calling the initial declaration "a *Frankenstein*-esque jumble of redacted material.").) Defendant submitted an unredacted Sales Contract as part of its opposition papers. (Proudfoot Suppl. Decl. Ex. A, ECF No. 15-1.) As a result, Plaintiffs' objections to the redacted version of the Sales Contract are OVERRULED as moot.

Plaintiffs raised objections to the Proudfoot Supplemental Declaration. (Reply, Evid. Objs., ECF No. 16-1.) These objections are entirely without merit. Plaintiffs argue statements in the Proudfoot Supplemental Declaration should be excluded under Federal Rule of Evidence 403. (*See generally* Reply, Evid. Objs.) Rule 403 states "[t]he court may exclude relevant evidence if its probative value is *substantially* outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis added). Nothing suggests the probative value of statements in the Proudfoot Supplemental Declaration will be *substantially* outweighed by a danger of confusion or waste of time.

Plaintiffs also object under Federal Rules of Evidence 104, 602, 901, and 403 to statements in Proudfoot Supplemental Declaration that attorney-client privilege prevents disclosure of additional information. (Reply, Evid. Objs. 3–4 (objecting to Proudfood Suppl. Decl. ¶ 9).) The Court need not consider the objected-to statements to resolve the motion, so these objections are moot.

Plaintiffs' objections are OVERRULED.

### B. Jurisdictional Requirements Are Met

Plaintiffs question whether the requirements for diversity jurisdiction are met, but they provide no cogent argument that the parties are nondiverse or that $75,000 or less is in controversy. (*See* Mot. 6–10.) Even a cursory review of the record demonstrates the Court's jurisdiction.

Although diversity jurisdiction is based on domicile, not residency, a person's residence is *prima facie* evidence of domicile. *Anderson*, 138 U.S. at 706. The unredacted Sales Contract provides a Los Angeles address for Plaintiffs. (*See* Proudfoot Suppl. Decl. Ex. A.) In the absence of contrary information, this is sufficient evidence upon which to conclude Plaintiffs are domiciled in this state. *See Kozlowski v. FCA US LLC*, No. 1:21-cv-00896-DAD-JLT, 2021 WL 5356474, at *3 (E.D. Cal. Nov. 17, 2021) (concluding a vehicle sales contract listing a California address is sufficient proof of plaintiff's domicile when plaintiff failed to offer any evidence contradicting or refuting defendant's assertion).

Once a defendant has carried its burden, the burden of production shifts to the plaintiff to rebut the evidence of diversity of citizenship. *Canesco*, 570 F. Supp. 3d at 885. Plaintiffs have offered no evidence contesting the presumption that they are California citizens. (*See generally* Mot.; Reply.) Nor do Plainitiffs contest that Defendant is a corporation organized under the laws of Delaware with its principal place of business in Michigan. (*See id.*; Not. of Removal ¶ 18.) Consequently, as Plaintiffs "provided no evidence" to satisfy their burden of production, "the Court finds Defendant's evidence, namely, the [Sales Contract] and removal allegations, adequately establish diversity of citizenship." *Canesco*, 570 F. Supp. 3d at 887.

The amount in controversy requirement is also met. The Sales Contract for the vehicle shows the total payable amount is $87,863.96. (Proudfoot Suppl. Decl. Ex. A.) Plaintiffs seek "rescission of the contract and restitution of all consideration," among other remedies. (Compl., Prayer for Relief, ECF No. 1-1.) A jurisdictional analysis involves an examination of the amount that "is put in controversy by the plaintiff's complaint, not what a defendant will *actually* owe." *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) (internal quotation marks omitted). By seeking rescission of the Sales Contract, Plaintiffs place the entire purchase price of the vehicle at issue. Defendant has therefore offered a plausible allegation the amount in controversy exceeds $75,000.

C. **Removal Was Timely**

Although Defendant did not file its notice of removal within 30 days of receiving the initial pleading, the 30-day clock only starts to run if "the four corners of" that pleading affirmatively reveal a basis for removal. *Harris*, 425 F.3d at 694. "If no ground for removal is evident in that pleading, the case is 'not removable' at that stage." *Id.* In *Harris*, the Ninth Circuit deliberately rejected any requirement that

defendants conduct a search of their own files to "ferret out details" as to whether a case is removable. *Id* at 696.

The Complaint does not expressly state whether the amount in controversy exceeds $75,000. (*See generally* Compl.) As a result, the removal clock could not have begun to run until Defendant received "a pleading, motion, order or other paper establishing a basis for removal." 28 U.S.C. § 1446(b)(3); *see also Harris*, 425 F.3d at 694. Plaintiffs do not identify, and the Court's independent review of the record has not uncovered, any paper predating removal from which Defendant could have ascertained the amount in controversy exceeded $75,000. Instead, Defendant through its own investigation uncovered information probative of the amount in controversy. Defendant submits that its counsel received a copy of the Sales Contract on August 1, 2022. (Proudfood Suppl. Decl. ¶ 4.) Even if this discovery had started the removal clock, removal would still have been timely, as Defendant filed the Notice of Removal a day later. (*See* Not. of Removal ¶ 5.) In any event, Defendant's removal was unquestionably timely, as "a defendant can remove at any time before the removal period runs, including before the clock begins ticking." *Novak*, 783 F.3d at 913.

## IV. CONCLUSION

This court has subject-matter jurisdiction over this case, and removal was timely. Plaintiffs' motion to remand and request for attorney's fees is hereby DENIED.

**IT IS SO ORDERED.**